IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEY'S AUTO REPAIR & BODY SHOP** *and* **ON-PAR TURF,** | ) | CIVIL ACTION NO. 18-87 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FAYETTE COUNTY, ANGELA M. ZIMMERLINK, TERRY and DIANE KRISS***,* | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION

Conti, Chief United States District Judge.

Now pending are motions by all Defendants to dismiss the first amended complaint with prejudice (ECF Nos. 36, 39, 41) and plaintiffs' motion for leave to file a second amended complaint. (ECF No. 46). The motions are fully briefed. On July 19, 2018, the court held a hearing on the motions.

## I. **Factual and Procedural History**

This case arises out of a long-running dispute between neighboring property owners. The two plaintiffs in this case, Joey's Auto Repair & Body Shop and On-Par Turf (together, "Plaintiffs"), are owned and operated by Joseph Cellulare. Both businesses operate at the same address which abuts the property of Terry and Diane Kriss (the "Krisses"), two of the four defendants in this case. The other named defendants are Fayette County and Angela Zimmerlink

("Zimmerlink" and collectively with the Krisses and Fayette County, "Defendants"), one of the three county commissioners. The history between these neighbors is a contentious one, with their disputes dating back to 1995. (Amd. Compl. ECF No. 33, ¶ 14). Plaintiffs' complaint focuses on alleging a series of "zoning citations," the revocation of a "zoning certificate," and "several cease and desist letters" which Plaintiffs believe stem from their history with the Krisses. (Amd. Compl. ECF No. 33 ¶¶ 33, 37, 40). These parties have appeared in federal court before, with the Third Circuit Court of Appeals holding that the Krisses' allegations regarding lack of zoning enforcement on Cellurale's property failed to state a claim for First Amendment retaliation. *See Kriss v. Fayette Cnty.*, 504 F. App'x 182 (3d Cir. 2012).[1] In this case, Plaintiffs assert claims for the alleged infringement of their constitutional rights to substantive due process, equal protection (class of one), and a § 1983 conspiracy to deny plaintiffs these rights.

Defendants filed motions to dismiss the original complaint in this case. (ECF Nos. 6, 21, 25). Plaintiffs mooted these motions by filing a first amended complaint. (ECF No. 33). Defendants renewed their motions to dismiss. (ECF Nos. 37, 40, 42). Plaintiffs seek leave to file a third complaint. The proposed complaint is attached to the motion. (ECF No. 46-1).

## II. <u>Motion for Leave to File a Second Amended Complaint (ECF No. 46)</u>

The court must first address Plaintiffs' motion for leave to amend because if it is granted, the remaining motions will be moot. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend its complaint once as a matter of course, but only (A) within 21 days after serving it; or (B) within 21 days of the filing of a responsive pleading or a Rule 12(b), (e) or (f) motion to dismiss, whichever is earlier. Plaintiffs filed a first amended complaint in this case pursuant to Rule 15(a)(1). In all other situations, a party may amend its pleading only with the

---

[1] The district court previously dismissed the Krisses' substantive due process claim.

written consent of the opposing parties or leave of court. Fed. R. Civ. P. 15(a)(2). Defendants vigorously oppose another amendment in this case. The court should "freely give leave when justice so requires." *Id.* On the other hand, district courts should not permit an opportunity to amend if amendment would be inequitable, or otherwise unjust by way of futility, bad faith, or undue delay. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

Plaintiffs' proposed amendment addresses only the equal protection "class of one" claim. Plaintiffs did not attempt to rebut the alleged shortcomings in their due process and conspiracy claims. Even considering the allegations of the proposed second amended complaint, Plaintiffs again fail to state a plausible equal protection claim.

In order to establish an equal protection "class of one" claim, a plaintiff must satisfy three elements: "(1) the defendant treated them differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for that treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). A class of one claim "can attack intentionally different treatment if it is 'irrational and wholly arbitrary.'" *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)). This standard is especially "difficult" for plaintiffs involved in a zoning dispute. *Id.* at 287 (citing *Village of Willowbrook*, 528 U.S. at 565-66 (Breyer, J. concurring)). An equal protection claim cannot be used as a device to dilute the stringent requirements needed to establish a substantive due process claim. *Id.*

Plaintiffs must first properly allege that they were "intentionally treated differently from *others* similarly situated" to them. *Village of Willowbrook*, 528 U.S. at 564 (emphasis added). To trigger the Equal Protection Clause, the "others" must be "similar in all relevant aspects." *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 203 (3d Cir. 2008). For example, in *Tucker*

*Industrial Liquid Coatings, Inc. v. Borough of East Berlin*, 85 F. Supp.3d 803, 810 (M.D. Pa. 2015), a plaintiff adequately supported an equal protection claim in a zoning dispute by showing that other businesses were located within the same mixed-use district, engaged in industrial production, emitted odors eliciting citizen's complaints, and violated DEP air quality regulations. *See Parker Ave., L.P. v. City of Phila.*, 175 F. Supp. 3d 457, 460 (E.D. Pa. 2013), *aff'd sub nom. Parker Ave., L.P. v. The City of Phila.*, 660 F. App'x 156 (3d Cir. 2016) (dismissing equal protection claim where the plaintiff alleged nothing "about the similarities of the locations or their surroundings as they relate to such matters as traffic, noise, congestion, density, type of zoning, or size of the residential development").

Plaintiffs failed to allege adequately the "similarly situated" element. While the proposed second amended complaint identifies two businesses, Cellurale Garden Center and Cellurale's Landscaping & Maintenance Contracting, Inc., it fails to plead how they were similarly situated. Gardening and landscaping businesses are not typically engaged in the same activities as an automobile repair and body shop. The allegation that the businesses "provide services" and are engaged in "retail activity" is far too generalized. (ECF No. 46-1 ¶ 32). Plaintiffs pleaded no facts to suggest that the businesses were subject to the same type of zoning, they were engaged in similar types of business, or there is anything these entities have in common other than being owned by a member of the Cellulare family.

Plaintiffs also fail to plead how the alleged comparators were differently treated. *Phillips v. County of Allegheny*, 515 F.3d 224, 244 (3d Cir. 2008) (specific reference to the defendant's intentional conduct is not enough to satisfy the pleading standard because there "must be allegations that he was treated differently than other individuals"). Plaintiffs allege that Fayette County at the direction of Zimmerlink "continuously cited the Plaintiffs" and "revoked" and

"issued a cease and desist letter" to On-Par Turf. (ECF No. 46-1, ¶ 44). There is no allegation that any comparator engaged in the same conduct as Plaintiffs without receiving citations and complaints. Plaintiffs merely make a conclusory allegation that Cellurale Garden Center did not receive arbitrary citations and complaints (ECF No. 46-1, ¶ 33), without alleging how it was differently treated.[2]

Plaintiffs were put on notice of the deficiencies in their equal protection claim by Defendants' original and renewed motions to dismiss. In seeking leave to amend, Plaintiffs recognized Defendants' arguments as "legitimate issues." (ECF No. 46, ¶ 2). Despite this awareness, they still were unable to allege the necessary facts for the court to conclude they stated a plausible class of one equal protection claim. At the motions hearing, Plaintiffs' counsel confirmed that at this time there were no additional factual allegations that could support the claims. Because the proposed second amended complaint contains fatal flaws that would require it to be dismissed under Rule 12(b)(6) for failure to state a claim, leave to amend would be futile and inequitable. Plaintiffs already had three bites at the apple. The motion for leave to amend (ECF No. 46) will be DENIED.


### III. <u>Motions to Dismiss First Amended Complaint (ECF Nos. 37, 40, 42)</u>

Plaintiffs' first amended complaint (ECF No. 33) remains the operative pleading. All Defendants have filed motions to dismiss the first amended complaint in its entirety for failure to state a claim.

### A. Standard of Review

---

[2] Plaintiffs acknowledge that On-Par Turf's zoning certificate was revoked because the County erroneously included an incorrect parcel number in the zoning certificate. (ECF No. 46-1 ¶¶ 36-37.) Plaintiffs did not point to a similarly situated comparator.

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n. 27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," *Twombly,* 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal,* 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Under the pleading regime established by *Twombly* and *Iqbal,* a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016). At the final step, the court is to assume all well-pled allegations to be true, construe those allegations in the light most favorable to the plaintiff, draw all reasonable inferences from them in favor of plaintiff, and ask whether they "raise a reasonable expectation that discovery will reveal evidence" to support the legal claim being asserted. *Id.* at *7.

**B. Equal Protection Claim**

For the previously stated reasons, Plaintiffs fail to state adequately a plausible equal protection claim against any Defendant under Rule 12(b)(6).

**C. Substantive Due Process Claim**

In order to plead a substantive due process claim relating to a property interest, a plaintiff must satisfy two elements: 1) a fundamental property interest which is protected by the Fourteenth Amendment; and 2) that the deprivation alleged resulted from government action so egregious that it "shocks the contemporary conscience." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 426-27 (3d Cir. 2003). Plaintiffs did not meet either element.

To qualify for protection, a property interest must be "fundamental" under the Constitution. *Nicholas v. Penn State Univ.*, 227 F.3d 133, 143 (3d Cir. 2000) (holding that an employee's job is not worthy of substantive due process); *see Independent Enterprises, Inc. v. Pittsburgh Water and Sewer Auth.*, 103 F.3d 1165, 1179 (3d Cir. 1997) (not all property interests worthy of procedural due process protection are protected by the concept of substantive due process). As explained in *Trotta v. Borough of Bogota*, No. 12-CV-2654, 2016 WL 3265689 (D.N.J. June 6, 2016), in the context of a zoning dispute:

> Real property ownership is a property interest worthy of substantive due process protection, as it is unquestionably a fundamental property interest dating back to the foundation of the American colonies. To say that real property ownership is the interest at stake here, however, is to paint with too broad a brush. Although land ownership might initially appear to present a straightforward example of a protected property interest, it is far from clear that every impact on landownership caused by zoning regulations creates a right to process.

*Id.* at *6 (citations and punctuation omitted). Governmental action causing a decline in property values has never been held to support a substantive due process claim. *Id.* (citing *Fusco v. State of Conn.*, 815 F.2d 201, 206 (2d Cir. 1987)).

As in *Trotta*, Plaintiffs in this case do not allege that they were deprived of their ownership interest, but instead make the narrower contention that zoning regulations impair the market value of their property. *Id.* at *7. Plaintiffs allege that "various zoning ordinance violations," their "revoked" zoning certificate, and the "cease and desist" letter resulted in loss of customers and income from their business. (ECF No. 33, ¶ 26). This property interest is not "fundamental" and does not support a substantive due process claim.

The second element requires conduct by the government official that is so "egregious" as to "shock[] the conscience" of the court. The test to determine if conduct "shocks the conscience" is "not precise" because it varies given the context of the conduct. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). "[T]his test is designed to avoid converting federal courts into super zoning tribunals." *Id.* In zoning disputes, issues such as bias against an ethnic group, corruption, or self-dealing may reach the necessary level of conscience-shocking behavior. *Eichenlaub*, 384 F.3d at 286. It is not enough to show that officials (a) applied subdivision requirements to property that were not applied to other parcels; (b) pursued unannounced and unnecessary inspection and enforcement actions; (c) delayed certain permits and approvals; (d) improperly increased tax assessments; or (e) maligned and muzzled the plaintiffs. *Id.*

Plaintiffs fail to plead any facts regarding conscience-shocking conduct by Defendants. There is no allegation of race-based animus, corruption or self-dealing. At most, Plaintiffs conclusorily allege that the friendship between Zimmerlink and the Krisses motivated

Defendants to deprive Plaintiffs of their interest in operating a business, which falls far short of the necessary standard. The Third Circuit Court of Appeals rejected the argument that an improper motive in zoning decisions shocks the conscience. *See Giuliani v. Springfield Twp*., 726 F. App'x 118, 123 (3d Cir. 2018) (rejecting claim based on a contention that Defendants' acted for revenge and spite).

In sum, the amended complaint fails to allege sufficient facts to state a substantive due process claim against Defendants. This court must decline Plaintiffs' invitation to become a super zoning tribunal.

### D. Conspiracy Claim

Finally, Plaintiffs allege a claim of conspiracy under § 1983 against Zimmerlink and the Krisses. To succeed, Plaintiffs must establish that "persons acting under color of state law conspired to deprive [them] of a federally protected right." *Perano v. Twp of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011). To state a claim for conspiracy under 42 U.S.C. § 1983, "a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000). Plaintiffs' complaint fails to allege properly either of these elements.

As a threshold matter, a § 1983 conspiracy claim only arises when there has been an actual deprivation of a constitutional right. *Perano*, 423 F. App'x at 239. For the reasons set forth above, Plaintiffs' equal protection and substantive due process rights were not violated. Their conspiracy claim, therefore, must also fail.

Plaintiffs also failed to plead the existence of a conspiracy or state action. The amended complaint alleges that the Krisses, who are private citizens, met with unnamed representatives of

Fayette County "sometime in 2007," which is far beyond the applicable two-year statute of limitations. (ECF No. 33, ¶ 15). Plaintiffs also allege a "strong friendship" and regular socializing between Zimmerlink and the Krisses; yet, they offer no facts as to how this friendship led to a civil rights conspiracy. (ECF No. 33, ¶ 19). Plaintiffs' mere legal conclusion that Defendants "act[ed] in conspiracy with each other" cannot be considered by the court. (ECF No. 33, ¶ 21). In sum, the conspiracy claim must be dismissed.

IV. <u>Conclusion</u>

None of the claims in the amended complaint are cognizable under the *Twombly* and *Iqbal* standards.[3] As explained above, further amendment would be futile and inequitable because Plaintiffs had three opportunities to plead valid claims. The motions to dismiss are therefore granted **with** prejudice.

Plaintiffs' motion for leave to file a second amended complaint (ECF No. 46) will be DENIED. Defendants' motions to dismiss the amended complaint (ECF Nos. 37, 40, 42) will be GRANTED. The amended complaint will be dismissed in its entirety, with prejudice. The clerk shall mark this case closed.

An appropriate order follows.

August 21, 2018

By the Court:

<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Chief United States District Judge

---

[3] Claims against Fayette County based on Zimmerlink's actions must also fail because "only a majority of the three-member Board is authorized to establish policy on behalf of the County." *LaVerdure v. County of Montgomery*, 324 F.3d 123, 125–26 (3d Cir.2003) (holding county could not be liable under § 1983 for statements by one commissioner); 16 Pa. Cons. Stat. § 504 (providing two commissioners shall constitute a quorum for the transaction of county business).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JOEY'S AUTO REPAIR & BODY**      )    CIVIL ACTION NO. 18-87
**SHOP** *and* **ON-PAR TURF,**      )
                            )
        Plaintiffs,           )
                            )
                            )
                            )
        v.                 )
                            )
**FAYETTE COUNTY, ANGELA M.**      )
**ZIMMERLINK, TERRY and DIANE**    )
**KRISS**,                         )
                            )
                            )
        Defendants.

## ORDER

AND NOW, this 21ˢᵗ day of August, 2018, in accordance with the foregoing opinion, it is hereby ORDERED that Plaintiffs' motion for leave to file a second amended complaint (ECF No. 46) is DENIED; Defendants' motions to dismiss the amended complaint (ECF Nos. 36, 39, 41) are GRANTED. The amended complaint is dismissed in its entirety, with prejudice. The clerk shall mark this case closed.

By the Court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge